UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD EBERLE,**

**Plaintiff,**                              Case No.:

**v.**

**PRESTON PEGUES, INC.
d/b/a TINNEY RUG CLEANERS,
A Florida Profit Company,**

**Defendant.**
**_____/**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff RICHARD EBERLE (hereinafter referred as "EBERLE" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant PRESTON PEGUES, INC. d/b/a TINNEY RUG CLEANERS (hereinafter referred as "TINNEY RUG" or "Defendant"), pursuant to, the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA") and Florida's Workers' Compensation Law in violation of § 440.205. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to

which the Plaintiff is entitled, including but not limited to, equitable relief. In support of the foregoing, Plaintiff states as follows:

## PARTIES

1. EBERLE was hired by TINNEY RUG in September 2021.

2. EBERLE is protected by the ADAAA because he:

   a. Was suffering "a physical or mental impairment that substantially limits one or more [of his] major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

   b. Had "a record of such an impairment" because of his required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

   c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

3. TINNEY RUG is a carpet cleaning company in St. Petersburg, Florida.

4. EBERLE was employed as an Assistant Manager for TINNEY RUG.

5. By the very nature of its work, TINNEY RUG is a corporation that is engaged in commerce.

6. TINNEY RUG is engaged in an industry affecting commerce.

7. At all times material, EBERLE was an "employee" of TINNEY RUG as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

8. At all times material, TINNEY RUG was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

9. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

10. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

11. Plaintiff worked for TINNEY RUG in Pinellas County, Florida.

12. TINNEY RUG conducts business in Pinellas County, Florida.

13. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

14. On or about October 28, 2022, EBERLE timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American

with Disabilities Act (ADA).

15. The EEOC, on or about May 11, 2023, issued to EBERLE a Dismissal and Notice of Rights as to the Charge.

16. This action is being commenced within 90 days of EBERLE'S receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

17. Plaintiff began working for Defendant on or about September 6, 2021.

18. Plaintiff was an Assistant Manager for Defendant.

19. Plaintiff was originally paid an hourly wage of $14.00, which was later increased to $16.00.

20. The $2.00 pay differential due to his promotion was paid out in the form of cash.

21. Unfortunately, Plaintiff sustained a hernia injury at work on or about January 19, 2022, while he was lifting a rug to place on a shelf.

22. He immediately notified the owner, Preston Van Gordner, of his injury.

23. Van Gordner responded by saying they would "take care of it" if Plaintiff's injury worsened.

24. The next day, Plaintiff woke up with excruciating pain in his abdomen.

25. Plaintiff immediately called Defendant to notify them of the same.

26. Plaintiff spoke over the phone with Manager, Robert McFarren, who notified him that Van Gordner required that Plaintiff get tested for COVID, since Van Gordner believed that Plaintiff's abdomen condition was a symptom of COVID.

27. The Plaintiff did not believe that he was exhibiting COVID like symptoms, and was certain that his abdomen pain was directly related to the hernia injury he suffered the day before.

28. Nonetheless, Plaintiff went to get a COVID home test, which came back as negative.

29. Plaintiff then sent the negative test results to Defendant.

30. Upon receiving the negative test results, Defendant explained they were unsatisfied with this method of testing.

31. Plaintiff was terminated on January 20, 2022.

32. Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

33. Defendant's actions, including terminating Plaintiff, were discriminatory.

34. Defendant's actions, including terminating Plaintiff, were retaliatory.

# COUNT I
# DISABILITY DISCRIMINATION

35. EBERLE realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-33 above.

36. EBERLE's medical conditions and restrictions were a motivating cause of TINNEY RUG's discriminatory behavior towards EBERLE, and thus, constituted disability discrimination as proscribed by the ADAAA.

37. TINNEY RUG's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation, discriminated against EBERLE with respect to the compensation, terms, conditions, or privileges of employment because of EBERLE's disability.

38. As a natural, proximate, and foreseeable result of the actions of TINNEY RUG, EBERLE has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

39. The conduct of TINNEY RUG's management was in such reckless disregard of EBERLE's federal statutory rights against disability discrimination as to entitled EBERLE to recover an award of punitive damages to punish TINNEY RUG and to deter it and others from such conduct in the future.

40. The disability discrimination EBERLE suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

41. EBERLE is entitled to recover reasonable attorneys' fees and litigation expenses against TINNEY RUG.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant TINNEY RUG, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to EBERLE;

b. Awarding judgment against TINNEY RUG for the back pay and benefits to which EBERLE would have been entitled but for TINNEY RUG's discriminatory acts;

c. Awarding judgment against TINNEY RUG for compensatory damages;

d. Awarding judgment against TINNEY RUG for punitive damages;

e. Enjoining TINNEY RUG to reinstate EBERLE to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting him front pay;

  f. Awarding EBERLE his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

  g. Awarding EBERLE equitable relief in the form of an additional set-off for any negative tax consequences incurred by EBERLE as the result of any damage award entered in his favor in this action; and

  h. Granting such other and further relief as the Court deems just.

## COUNT II
### RETALIATION IN VIOLATION OF THE ADAAA

42. EBERLE realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-31, and 34 above.

43. EBERLE requested reasonable accommodation for his disability/perceived disability. This constituted protected activity under the ADAAA.

44. As a natural, proximate and foreseeable result of TINNEY RUG's actions, EBERLE has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

45. The conduct of TINNEY RUG's management was in such reckless disregard of EBERLE's federal statutory rights against retaliation as to entitle EBERLE to recover an award of punitive damages to punish TINNEY RUG and to deter it and others from such conduct in the future.

46. The retaliation EBERLE suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

47. EBERLE is entitled to recover reasonable attorneys' fees and litigation expenses against TINNEY RUG.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant TINNEY RUG, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to EBERLE;

b. Awarding judgment against TINNEY RUG for the back pay and benefits to which EBERLE would have been entitled but for TINNEY RUG's retaliatory acts;

c. Awarding judgment against TINNEY RUG for compensatory damages;

d. Awarding judgment against TINNEY RUG for punitive damages;

e. Enjoining TINNEY RUG to reinstate EBERLE to a job comparable to the one from which he was terminated, or, if that is not feasible as a make-whole remedy, granting his front pay;

    f.    Awarding EBERLE his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

    g.    Awarding EBERLE equitable relief in the form of an additional set-off for any negative tax consequences incurred by EBERLE as the result of any damage award entered in his favor in this action; and

    h.    Granting such other and further relief as the Court deems just.

## COUNT III:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

48.    EBERLE realleges and incorporates all allegations contained within Paragraphs 1, 3-6, 9-13, 17-31, and 34 above.

49.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

50.    Plaintiff was threatened with discharge by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

51.    Plaintiff was discharged by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

52.    The retaliation to which Plaintiff was subjected was based on his disability.

53. The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation Workers 'Compensation Law (Chapter 440, Florida Statutes).

54. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

55. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Declare that Defendant violated the aforementioned causes of action;

b. Grant a jury trial and entry of judgment in Plaintiff's favor;

c. Award back pay;

      d.     Award front pay;

      e.     Award compensatory damages;

      f.     Award liquidated damages;

      g.     Award prejudgment interests, and, if applicable, post-judgment interest;

      h.     Award any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __9th__ day of August, 2023.

                Respectfully submitted,
                s/ Edward W. Wimp
                Edward W. Wimp, Esquire – LEAD COUNSEL
                FBN: 1015586
                Email: ewimp@theleachfirm.com
                Direct: 407-574-6339

                Anthony J. Hall, Esquire
                FBN: 0040924
                Email: ahall@theleachfirm.com

                THE LEACH FIRM, P.A.
                631 S. Orlando Ave., Suite 300
                Winter Park, FL 32789
                Telephone: (407) 574-4999
                Facsimile: (833) 813-7513

                Attorneys for Plaintiff